■ In the Matter of the Claim of MARIAN WEBB, Respondent, v. TWELVE PINE STREET, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of death benefits in a heart case. Appellants contend that there is no substantial evidence to support the award. Decedent was employed as a caretaker in an office building in which he and his wife occupied an apartment on the second floor. On April 19, 1958, decedent polished three floors of the building, using an electric polisher weighing about 90 pounds. In addition to pushing and guiding the machine it is a fair inference from the record that decedent had to lift the machine on and off the elevator. When he arrived at the second floor his wife observed him staggering and leaning against a wall. He complained of pain in his left side and his left arm, and his wife observed that he was very ill and perspiring freely. With the aid of another tenant the Fire Department Inhalator Squad was called, and decedent died while they were administering to him. While no autopsy was performed, the Coroner examined the body before *rigor mortis* had set in, and from the appearance of the body, from his examination of the body and from the circumstances surrounding decedent's death, diagnosed the cause of death as a coronary occlusion. This constituted a proper and permissible expert opinion as to the cause of death, and it may not be said, as appellants urge, that there is no evidence that death was due to a coronary occlusion. Appellants seem to further contend that there must be evidence of pain at the exact moment when decedent lifted the machine. We know of no rule which requires such precise pinpointing of the pain with the exertion. Here it clearly appears that almost immediately following the moving of the machine from one floor to another decedent was suffering pain and was in great distress, with death following almost immediately. There is medical opinion that the exertion of the lifting brought about the attack and the resulting death. Appellants concede this but contend that the medical opinion is based upon the improper assumption that the cause of death was a coronary occlusion. This was not an improper assumption because, as above indicated, there was competent medical opinion that such was the cause of death. The case falls well within the pattern of a great many heart cases, and there is substantial evidence in the record to support the award. Award unanimously affirmed, with costs to the Workmen's Compensation Board.